# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK ARDELL SJODIN, JR., <br><br> Plaintiff, <br><br> v. <br><br> STATE OF CALIFORNIA, et al., <br><br> Defendants. | Case No. 1:23-cv-00454-SAB <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION AND DISMISSING ACTION <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE <br><br> (ECF No. 1) <br><br> **OBJECTIONS DUE WITHIN TWENTY-ONE DAYS** |

Plaintiff Kirk Ardell Sjodin, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*,[1] brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Currently before the Court is Plaintiff's complaint filed in this action on March 24, 2023, which was submitted as a request for an emergency injunction. (ECF No. 1.) For the following reasons, the Court shall recommend the request for emergency injunction be denied and that this action be dismissed without leave to amend, and without prejudice to raising such issues on appeal or other appropriate mechanism after conclusion of the pending criminal proceedings.

---

[1] The Court initially denied Plaintiff's *in forma pauperis* application on March 28, 2023, and granted the renewed application on April 17, 2023. (ECF Nos. 5, 8.)

1

# I.

# LEGAL STANDARD

### A. Screening Requirements

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)); see also Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient ….").

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

As a general rule, the Court must limit its review to the operative complaint and may not consider facts presented in extrinsic evidence. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Materials submitted as part of the complaint, however, are not "outside" the

1  complaint and may be considered. Id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Moreover, the Court is not required to accept as true conclusory allegations which are contradicted by exhibits to the complaint. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

### B.   Emergency or Preliminary Injunctions

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. U.S., 599 F.3d 964, 969 (9th Cir. 2010). Rather, the Court's jurisdiction is limited to the parties

in this action and to the viable legal claims upon which this action is proceeding.  <u>Summers</u>, 555 U.S. at 491–93; <u>Mayfield</u>, 599 F.3d at 969.

## II.

## DISCUSSION

### A.     Plaintiff's Filing

Plaintiff's complaint was filed with a heading indicating Plaintiff requests an emergency injunction as related to the pending trial in the United States District Court for the District of Utah, <u>United States v. Sjodin</u>, Case No. 4:22-cr-00105-RJS-PK-1 (D. Utah) (the "Utah Action").

Plaintiff names the State of California of California as the first Defendant, then states Defendants numbers two and three are "N/A" but checks the boxes for official capacity, then as the fourth Defendant, names the California Governor.  (Compl. 2-3.)

Plaintiff indicates he brings the action pursuant to 42 U.S.C. § 1983, the Eighth Amendment, the First Amendment, the Fourteenth Amendment, the Fourth Amendment, the Sixth Amendment, 18 U.S.C. § 922, Notice of Restricted Person Status, and Title 76, Chapter 10, Section 503(2)(a), Restricted Notice.  (Compl. 3.)  Where asked to state how the Defendants were acting under color of law for Section 1983 purposes, Plaintiff directs the Court to Title 76, Chapter 10, Section 503(2)(a).

Plaintiff claims that as a criminal defendant, he "was never provided with the 'restricted person' notice in Title 76, Ch. 10, Section 503, on Case # MF005876A/2003 from Kern County California and is now being charged as a restricted person on Case # 4:22-cr-00105 in the District of Utah."  (Compl. 4.)  Plaintiff proffers that events relating to this claim occurred in Kern County, California on February 27, 2003 when he was sentenced in violation of the statute, and states even on a wrongful conviction, the interstate compact to Oklahoma provided no notice, and asks "is California responsible for restoring Kirk Sjodin, Jr.[']s rights on Case # MF005876A or is Oklahoma, or, do rights restore after 10 years?"  (Compl. 5.)  Plaintiff avers that the Utah Action alleges Plaintiff is an unlawful person under 18 U.S.C. § 922(g)(1), and Oklahoma did not say Plaintiff was restricted, and Plaintiff transferred from California to Oklahoma in 2010 on Case # MF005876A.  (Compl. 5.)

4

Plaintiff avers at one point to exoneration/wrongful conviction.[2] However, under relief, Plaintiff asks similar questions, "Is Sjodin a restricted person? Is case MF005876A jurisdiction in Oklahoma, or California. Do rights restore after (10) years. And is Sjodin entitled to notice of being restricted under 18 U.S.C. 922(g)(1)?" (Compl. 5.)

> **B. The Court Recommends the Request for Emergency Injunction be Denied and that the Action be Dismissed without Leave to Amend but Without Prejudice to Filing Appropriate Appeals as to the any Issues Following a Final Decision in the Pending Criminal Matter**

In the pending Utah Action,[3] on September 28, 2022, the grand jury sitting in the District of Utah returned an indictment charging Plaintiff with one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Case No. 4:22-cr-00105-RJS-PK-1 (D. Utah), ECF No. 1.) On December 5, 2022, Plaintiff waived his right to counsel. (Id. at ECF No. 50.) A final pretrial conference was held on April 13, 2023. (Id. at ECF No. 160.)

A bench trial was held on April 26, 2023 before Judge Robert J. Shelby, and a Rule 23 findings and conclusions are forthcoming and set for pronouncement at a hearing scheduled for May 11, 2023. (Id. at ECF Nos. 174 175.)

As stated in the Government's pretrial brief, "the defendant was previously convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year," and as

---

[2] To the extent Plaintiff is requesting such exoneration on the Kern County conviction in case number MF005876A, the Court notes that Plaintiff currently has a petition for writ of *habeas corpus* pending in the Eastern District of California as to that conviction, Case No. 1:23-cv-00236-ADA-CDB. In that action, the Magistrate Judge's recommendation that the petition be denied with prejudice and without leave to amend is currently pending consideration by the District Judge. (See ECF No. 18 at 3 ("In this case, Petitioner challenges a 2003 state conviction and sentence . . . Petitioner notes his sentence concluded after 8 years and 8 months . . . Petitioner is not in custody for his 2003 conviction and sentence when he filed this instant petition. Thus, the petition should be dismissed for lack of jurisdiction.").) To the extent Plaintiff requests briefing pursuant to Anders, the Court finds that holding inapplicable to the instant matter. See Anders v. California, 386 U.S. 738, 739, 87 S. Ct. 1396, 1397, 18 L. Ed. 2d 493 (1967) ("We are here concerned with the extent of the duty of a court-appointed appellate counsel to prosecute a first appeal from a criminal conviction, after that attorney has conscientiously determined that there is no merit to the indigent's appeal.").

[3] Under the Federal Rules of Evidence, a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee, 250 F.3d at 689; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002).

indicated in the brief, "[b]ased on the Defendant's previous motions and assertions in this case, the fulcrum on the trial appears to be the requisite scienter element of the offense – i.e., whether Defendant believed he was a felon at the time of the charged offense," and that "[t]he United States will address this element, the requisite knowledge of status (previous conviction of an offense punishable by more than a year imprisonment), as elucidated by the courts." (Id. at ECF No. 165 at 2-3.)

Plaintiff is currently facing federal charges in federal court in the Utah Action. 18 U.S.C. § 922(g)(1) provides that "(g) It shall be unlawful for any person--(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

Plaintiff's complaint and request for an emergency injunction requests relief from the state of California and its Governor in the federal criminal Utah Action, claiming that in the criminal conviction that occurred in California in 2003, Plaintiff was not provided with the required notice under Title 76, Chapter 10, Section 503(2)(a). However, this provision is a Utah state provision inapplicable to California. See Utah Code § 76-10-503.1(2)(a)(i) ("A defendant intending to plead guilty or no contest to a criminal charge that will, upon conviction, cause the defendant to become a restricted person shall, before entering a plea before a court, sign an acknowledgment that states: . . . that conviction of the charge will classify the defendant as a restricted person." Even if the statute applied to California, it provides that "[t]he failure to inform or obtain a signed acknowledgment from the defendant may not render the plea invalid, form the basis for withdrawal of the plea, or create a basis to challenge a conviction or sentence." Utah Code § 76-10-503.1(6).

Through its own research, it appears California has a somewhat similar statute. See Cal. Penal Code § 29810(2) ("The court shall, upon conviction of a defendant for an offense described in subdivision (a), instruct the defendant that he or she is prohibited from owning, purchasing, receiving, possessing, or having under his or her custody or control, any firearms, ammunition,

6

1  and ammunition feeding devices, including but not limited to magazines, and shall order the
2  defendant to relinquish all firearms in the manner provided in this section."); People v. Amaya,
3  No. E065092, 2017 WL 603915, at *3 (Cal. Ct. App. Feb. 15, 2017) ("Section 29800, subdivision
4  (a)(1), prohibits any person previously convicted of a felony from owning, purchasing, receiving
5  or possessing a firearm. When a person has been convicted of a felony, section 29810 requires
6  that written notification of the firearms restriction must be given at the time of sentencing.").

7  However, even if the California statute was applicable to Plaintiff's conviction, and was
8  not adhered to, the Court finds it improper to wade into a criminal action proceeding in another
9  federal court.  Although the named Defendants in this action are the State of California and its
10 Governor, the relief requested is directed at the ongoing proceedings in the Utah Action.  As
11 indicated in the trial brief, the issue of whether Plaintiff knew of his restricted persons status
12 appears to be an issue before the District Court in the Utah Action (Case No. 4:22-cr-00105-RJS-
13 PK-1 (D. Utah), ECF No. 165).  See United States v. Tanner, No. 218CR00266APGEJY, 2019
14 WL 6703550, at *1 (D. Nev. Oct. 30, 2019) ("The Rehaif Court held that a successful prosecution
15 of the statutes at issue (18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2)) requires proof that a
16 defendant knew he/she possessed a firearm *and* knew that he/she belongs to the relevant category
17 of restricted persons.") (emphasis in original) (citation omitted).

18 Again, to the extent Plaintiff is directly challenging the California conviction in case
19 number MF005876A, the Court would decline to address such conviction in relation to an
20 allegation of a procedural violation at sentencing, both because Plaintiff currently has a petition
21 for writ of *habeas corpus* pending in the Eastern District of California as to that conviction, *and*
22 for the reasons stated in the pending findings and recommendations in that action.  (See Case No.
23 1:23-cv-00236-ADA-CDB, ECF No. 18 at 3 ("In this case, Petitioner challenges a 2003 state
24 conviction and sentence . . . Petitioner notes his sentence concluded after 8 years and 8 months . .
25 . Petitioner is not in custody for his 2003 conviction and sentence when he filed this instant
26 petition.  Thus, the petition should be dismissed for lack of jurisdiction.").)

27 Again, here, the motion for emergency injunction is directed at stopping the pending
28 criminal proceedings in the Utah Action, and the Court concludes the issues raised in Plaintiff's

motion are indeed currently before the District Court in the Utah Action and being adjudicated in that action. The Court finds the situation akin to issue preclusion, while it is unclear the finality of all relevant decisions at this juncture:

> Here, we find that, with respect to the search and seizure claims made by Brewer in the instant complaint, the legal requisites for issue preclusion are fully satisfied. At the outset, the Fourth Amendment issues involved in this *pro se* civil case are the same as those addressed by the district court in Brewer's criminal prosecution. Furthermore, the district court order denying the motion to suppress is currently a final judgment on this issue, subject only to appellate review in the context of Brewer's pending criminal case. Third, the party against whom the bar of collateral estoppel would apply, Jesse Brewer, is undeniably a party in the underlying criminal case, since he is charged as a defendant in that case. Finally, Brewer has been, and will be, afforded a full and fair opportunity to litigate this suppression issue in the course of the criminal prosecution, and any appeals of that criminal case. Finding, therefore, that all of the requisites for the application of collateral estoppel to this search and seizure claim are fully satisfied here, *James v. Heritage Valley Fed. Credit Union,* 197 Fed. Appx. 102, 105 (3d Cir.2006), "We have the authority to apply the doctrine of claim preclusion or *res judicata sua sponte, Gleash v. Yuswak,* 308 F.3d 758, 760 (7th Cir.2002); *Ezekoye v. Ocwen Federal Bank FSB,* 179 F.App'x 111, 114 (3d Cir.2006) (non precedential) [and] can ... invoke *res judicata* 'if it is so plain from the language of the complaint and other documents in the district court's files that it renders the suit frivolous.' *Gleash,* 308 F.3d at 760." *Guider v. Mauer,* CIVIL 1:CV–09–1915, 2009 WL 4015568 (M.D.Pa. Nov.19, 2009). Adopting this course, we find that *collateral estoppel, res judicata* and issue preclusion *apply here and* plainly bar Brewer from pursuing these Fourth Amendment claims at the present time in the context of this civil lawsuit. Therefore, these claims should be dismissed.

Brewer v. Hopple, No. 1:15-CV-0942, 2015 WL 3754548, at *7 (M.D. Pa. June 16, 2015).

Therefore, the Court concludes Plaintiff has not met the requirements for the emergency injunctive relief he seeks in this motion. For the reasons explained above, the Court cannot find that Plaintiff has shown a likelihood of success on the merits; and indeed, the Court finds no basis to properly maintain this action in the face of the pending federal criminal Utah Action. Given the pending Utah Action, the Court concludes Plaintiff has not demonstrated he is likely to suffer irreparable harm in the absence of a preliminary injunction. Finally, Plaintiff has not presented any evidence that the balance of equities is in his favor or that preliminary injunctive relief would be in the public's interest. Accordingly, it is recommended that Plaintiff's motion for emergency

injunctive relief be denied.

As the injunctive relief is the only relief requested in this action, the Court finds dismissal of this action in its entirety is appropriate, without leave to amend, but without prejudice to raising such issues on appeal or other appropriate mechanism, such as in the Utah Action. See Brewer, 2015 WL 3754548, at *7 n.1 ("Of course, dismissal of this civil lawsuit does not mean that Brewer is without legal recourse to further pursue this Fourth Amendment claim . . . [as] [i]f Brewer is convicted following his criminal trial, he may appeal his conviction and sentence, and may challenge this supersession ruling, and thus obtain a full and fair opportunity to litigate the issue.").

### III.

### RECOMMENDATION AND ORDER

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an emergency injunction (ECF No. 1) be DENIED and this action be DISMISSED without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. **Within twenty-one (21)** days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED that the Clerk of the Court be DIRECTED to randomly assign a District Judge to this action.

IT IS SO ORDERED.

Dated:   **May 4, 2023**

UNITED STATES MAGISTRATE JUDGE