# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK ARDELL SJODIN, JR., <br><br>Plaintiff, <br><br>v. <br><br>STATE OF CALIFORNIA, et al., <br><br>Defendants. | Case No. 1:23-cv-00454-JLT-SAB <br><br>SUPPLEMENTAL FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTION AND DISMISSING ACTION <br><br>(ECF Nos. 1, 10, 12) <br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

## I.

## INTRODUCTION

Plaintiff Kirk Ardell Sjodin, Jr. ("Plaintiff"), proceeding *pro se* and *in forma pauperis*,[1] brings this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

Currently before the Court is Plaintiff's complaint filed in this action on March 24, 2023, which was submitted as a request for an emergency injunction. (ECF No. 1.) On May 5, 2023, the Court issued findings and recommendations recommending that Plaintiff's request for

---

[1] The Court initially denied Plaintiff's *in forma pauperis* application on March 28, 2023, and granted the renewed application on April 17, 2023. (ECF Nos. 5, 8.)

emergency injunction be denied and that this action be dismissed without leave to amend, and without prejudice to raising alleged issues on appeal or other appropriate mechanism after conclusion of the pending criminal proceedings.  (ECF No. 10.)  Objections to those recommendations were filed on June 28, 2023.  (ECF No. 12.)

The Court's initial recommendation was issued before the court in the Utah criminal action, that is the subject of Plaintiff's complaint and request for emergency injunction, issued a finding of guilt or not guilty in that action.  This supplemental recommendation is based on the fact that the Utah District Court has now found Plaintiff guilty in that criminal action.  The Court now issues this supplemental findings and recommendations, in order to provide additional reasons to support the recommendation that the request for emergency injunction be denied and this action be dismissed, and to allow the Plaintiff additional time to submit objections to this supplemental recommendation.

## II.

## LEGAL STANDARD

### A. Screening Requirements

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief …." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal (Iqbal), 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly (Twombly), 550 U.S. 544, 555 (2007)); see also Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient ….").

1  Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678–79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

As a general rule, the Court must limit its review to the operative complaint and may not consider facts presented in extrinsic evidence. See Lee v. City of L.A., 250 F.3d 668, 688 (9th Cir. 2001). Materials submitted as part of the complaint, however, are not "outside" the complaint and may be considered. Id.; Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Moreover, the Court is not required to accept as true conclusory allegations which are contradicted by exhibits to the complaint. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), amended on denial of reh'g, 275 F.3d 1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295–96 (9th Cir. 1998). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Emergency or Preliminary Injunctions**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for

3

preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. U.S., 599 F.3d 964, 969 (9th Cir. 2010).  Rather, the Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  Summers, 555 U.S. at 491–93; Mayfield, 599 F.3d at 969.

**III.**

**DISCUSSION**

**A.     Plaintiff's Filing**

Plaintiff's complaint was filed with a heading indicating Plaintiff requests an emergency injunction as related to the pending trial in the United States District Court for the District of Utah, United States v. Sjodin, Case No. 4:22-cr-00105-RJS-PK-1 (D. Utah) (the "Utah Action").

Plaintiff names the State of California of California as the first Defendant, then states Defendants numbers two and three are "N/A" but checks the boxes for official capacity, then as the fourth Defendant, names the California Governor.  (Compl. 2-3.)

Plaintiff indicates he brings the action pursuant to 42 U.S.C. § 1983, the Eighth Amendment, the First Amendment, the Fourteenth Amendment, the Fourth Amendment, the Sixth Amendment, 18 U.S.C. § 922, Notice of Restricted Person Status, and Title 76, Chapter 10, Section 503(2)(a), Restricted Notice.  (Compl. 3.)  Where asked to state how the Defendants were acting under color of law for Section 1983 purposes, Plaintiff directs the Court to Title 76,

1  Chapter 10, Section 503(2)(a).

2  Plaintiff claims that as a criminal defendant, he "was never provided with the 'restricted person' notice in Title 76, Ch. 10, Section 503, on Case # MF005876A/2003 from Kern County California and is now being charged as a restricted person on Case # 4:22-cr-00105 in the District of Utah." (Compl. 4.) Plaintiff proffers that events relating to this claim occurred in Kern County, California on February 27, 2003 when he was sentenced in violation of the statute, and states even on a wrongful conviction, the interstate compact to Oklahoma provided no notice, and asks "is California responsible for restoring Kirk Sjodin, Jr.[']s rights on Case # MF005876A or is Oklahoma, or, do rights restore after 10 years?" (Compl. 5.) Plaintiff avers that the Utah Action alleges Plaintiff is an unlawful person under 18 U.S.C. § 922(g)(1), and Oklahoma did not say Plaintiff was restricted, and Plaintiff transferred from California to Oklahoma in 2010 on Case # MF005876A. (Compl. 5.)

Plaintiff avers at one point to exoneration/wrongful conviction. However, under relief, Plaintiff asks similar questions, "Is Sjodin a restricted person? Is case MF005876A jurisdiction in Oklahoma, or California. Do rights restore after (10) years. And is Sjodin entitled to notice of being restricted under 18 U.S.C. 922(g)(1)?" (Compl. 5.)

**B.    Supplemental Recommendation Based on Guilty Verdict in Utah Action and the <u>Heck</u> Bar**

In the pending Utah Action,[2] on September 28, 2022, the grand jury sitting in the District of Utah returned an indictment charging Plaintiff with one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Case No. 4:22-cr-00105-RJS-PK-1 (D. Utah), ECF No. 1.) On December 5, 2022, Plaintiff waived his right to counsel. (Id. at ECF No. 50.) A final pretrial conference was held on April 13, 2023. (Id. at ECF No. 160.) A bench trial was held on April 26, 2023 before Judge Robert J. Shelby. (Id. at ECF Nos. 174, 175.) On May 11, 2023, the

---

[2] Under the Federal Rules of Evidence, a court may take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Judicial notice may be taken "of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Lee, 250 F.3d at 689; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002).

5

court in the Utah Action found Mr. Sjodin guilty at a hearing, and on May 12, 2023, filed a findings and of fact and conclusions of law, finding Mr. Sjodin guilty of violating 18 U.S.C. § 922(g)(1). (Id. at ECF Nos. 179, 178.)

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. (internal citation omitted). It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that in order to recover damages for alleged "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486. Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson, 544 U.S. at 81-82.

To the extent Plaintiff is challenging his trial and conviction that has not been declared invalid, the proper avenue to seek relief is by way of habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The Heck bar applies to Plaintiff's challenge to his federal conviction. Ramirez-Salazar v. Derksen, No. 2:12-CV-0764 KJN P, 2012 WL 12906137, at *1 (E.D. Cal. May 31, 2012) ("Heck applies with equal force to federal convictions." (citing Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996))), aff'd, 528 F. App'x 738 (9th Cir. 2013); Valencia v. Weis, No. 318CV01261WQHNLS, 2018 WL 4489321, at *3 (S.D. Cal. Sept. 19, 2018) ("Heck arose in the context of a state court conviction, but its rationale applies to federal convictions as well."), aff'd, 776 F. App'x 510 (9th Cir. 2019); Shoulderblade v. Babcock, No. CV 10-117-BLG, 2010 WL 3928619, at *2 (D. Mont. Oct. 4, 2010) ("Heck applies with equal force to federal convictions.").[3]

Therefore, the Court concludes Plaintiff has not met the requirements for the emergency injunctive relief he seeks in this motion. For the reasons explained above, the Court cannot find that Plaintiff has shown a likelihood of success on the merits; and indeed, the Court finds no basis to properly maintain this action in the face of the Heck bar. The Court concludes Plaintiff has not demonstrated he is likely to suffer irreparable harm in the absence of a preliminary injunction. Finally, Plaintiff has not presented any evidence that the balance of equities is in his favor or that preliminary injunctive relief would be in the public's interest. "Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), stated that Heck bars § 1983 suits even when the relief sought is prospective injunctive or declaratory relief, 'if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' " Martin v. City of Boise, 902 F.3d 1031, 1043 (9th Cir. 2018), opinion amended and superseded on denial of reh'g, 920

---

[3] As stated in the Court's initial findings and recommendations, to the extent Plaintiff is challenging the California conviction in case number MF005876A, the Court would decline to address such conviction in relation to an allegation of a procedural violation at sentencing, both because Plaintiff then had a petition for writ of habeas corpus pending in the Eastern District of California as to that conviction, and for the reasons stated in the then pending findings and recommendations in that action. (See Case No. 1:23-cv-00236-ADA-CDB, ECF No. 18 at 3 ("In this case, Petitioner challenges a 2003 state conviction and sentence . . . Petitioner notes his sentence concluded after 8 years and 8 months . . . Petitioner is not in custody for his 2003 conviction and sentence when he filed this instant petition. Thus, the petition should be dismissed for lack of jurisdiction.").) Since the issuance of the initial findings and recommendations in this case, the District Judge in the habeas proceeding has now adopted the findings and recommendations in that case, and has dismissed that case. (See Case No. 1:23-cv-00236-ADA-CDB, ECF Nos. 22, 23.) Mr. Sjodin has appealed that order to the Ninth Circuit. (See Case No. 1:23-cv-00236-ADA-CDB, ECF No. 24.)

F.3d 584 (9th Cir. 2019).  As the injunctive relief is the only relief requested in this action, the Court finds dismissal of this action in its entirety is appropriate, without leave to amend, but without prejudice to raising such issues in a habeas proceeding or appeal.

## IV.

## SUPPLEMENTAL RECOMMENDATION

In addition to the reasons expressed in the Court's recommendation issued on May 5, 2023, (ECF No. 10), based on the foregoing reasons stated above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an emergency injunction (ECF No. 1) be DENIED and this action be DISMISSED without leave to amend, for the supplemental reasons expressed in this supplemental findings and recommendations.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  **Within fourteen (14)** days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Judge will review the Magistrate Judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **August 24, 2023**

UNITED STATES MAGISTRATE JUDGE